IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-1-2-BR
No. 5:16-CV-379-BR

| | | |
|---|---|---|
| KEVIN D. BROWN, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's 28 U.S.C. § 2255 motion. (DE # 165.)

In 2005, petitioner pled guilty to two counts of brandishing a firearm during the commission of a crime of violence and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 924(c). The court sentenced him to a total term of 360 months imprisonment, which the court later reduced to 276 months. Petitioner did not appeal.

In 2014, petitioner filed his first § 2255 motion, (DE # 129), which the court dismissed on the government's motion, (DE # 139). In 2016, after obtaining the Fourth Circuit Court of Appeals' authorization and with the assistance of court-appointed counsel, petitioner filed this § 2255 motion. Petitioner claims that Hobbs Act robbery is not a "crime of violence" under the "force clause" of § 924(c)(3)(A), and therefore, his convictions, both of which were predicated on a Hobbs Act robbery, must be vacated. (Mot., DE # 165, at 4.)

On the government's unopposed motion, the court placed this proceeding in abeyance pending the decisions in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) (en banc), and United States v. Walker, 934 F.3d 375 (4th Cir. 2019). (DE # 173.) After those decisions issued, the court directed the parties to file supplemental briefs regarding the § 2255 motion. (8/27/19 Text Order.)

In its supplemental brief, the government argues Hobbs Act robbery is a "crime of violence" under § 924(c), and petitioner's § 2255 motion should be dismissed.  (DE # 218, at 2-3.)  Petitioner moves to extend the time to file his supplemental brief.  (DE # 216.)

Under § 924(c)'s "force clause," a "crime of violence" is defined as "an offense that is a felony and . . . has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).  The Fourth Circuit Court of Appeals recently held that "Hobbs Act robbery constitutes a crime of violence under th[is clause]."  United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019) (footnote and citations omitted).  Therefore, because Hobbs Act robbery, which served as the predicate offense for petitioner's convictions, is a crime of violence under § 924(c), petitioner is not entitled to relief under § 2255.  Further briefing from petitioner on this issue is unnecessary.

Petitioner's motion for an extension of time is DENIED.  The § 2255 motion is DISMISSED.  The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 12 September 2019.


_____
                    W. Earl Britt
                    Senior U.S. District Judge